## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PHILADELPHIA INDEMNITY INSURANCE )
COMPANY, )
 )
      Plaintiff, )  Case No.
 )
v. )
 )
MICHIGAN SCIENCE CENTER, )
 )
      Defendant. )

## PHILADELPHIA INDEMNITY INSURANCE COMPANY'S
## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Philadelphia Indemnity Insurance Company ("PIIC"), through

its attorneys, for its Complaint for Declaratory Judgment against Defendant

Michigan Science Center ("MSC"), states as follows:

## Nature of Action and Relief Sought

1.     PIIC seeks a declaration in accordance with 28 U.S.C. § 2201

determining the extent to which insurance coverage exists, if at all, under a

policy of insurance that it issued to MSC in connection with alleged water

damage at MSC's location at 5020 John R Street, Detroit, Michigan 48202 (the

"Museum Property").

**Parties**

2.      PIIC is an insurance carrier incorporated in the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Pennsylvania.

3.      MSC is a nonprofit corporation incorporated under the laws of the State of Michigan with its principal place of business in the State of Michigan.

**Jurisdiction and Venue**

4.      Pursuant to 28 U.S.C. § 1332, complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of costs and interest.   Specifically, PIIC understands that MSC intends to seek an amount for repair and/or replacement of the property allegedly damaged by the Flood Events that greatly exceeds $75,000.   Further, this Court has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 2201 insofar as PIIC seeks a declaration of rights and obligations under an insurance policy.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a). MSC is subject to personal jurisdiction in this District, and a substantial part of the acts giving rise to this dispute occurred within this District.

## Common Allegations

6.      PIIC issued a policy of insurance to its named insured "Michigan Science Center" bearing policy number PHPK2203315 for the effective period of November 5, 2020 to November 5, 2021 (the "PIIC Policy").  The PIIC Policy is a package policy that contains, among other types of coverage, first-party commercial property ("CP") coverage.  A certified copy of the PIIC Policy is attached hereto as **Exhibit 1** and adopted by reference and made a part of this complaint under Fed. R. Civ. P. 10(c).

## The June 2021 Flood Event

7.      The Detroit area sustained a heavy rainfall event on or about June 25 and 26, 2021, with over 7 inches of rain falling over the course of those dates, resulting in well-publicized flooding across the Detroit area, including in the area around the Museum Property (the "June 2021 Flood Event").

8.      MSC discovered extensive intrusion of water into the lower level of the Museum Property at or around the time of the June 2021 Flood Event.

9.      On June 28, 2021, MSC, through its agent, submitted a Property Loss Notice to PIIC providing notice that it was submitting a claim for property damage allegedly sustained at the Museum Property on June 25, 2021 (the "June Claim").  The Property Loss Notice described the loss as

3

"Insured premise experience[d] water damage in lower level due to heavy rains."

10.    While investigation into the cause of the damages at issue in connection with the June Claim remains ongoing, water intruded the Museum Property, at least in part, because the local area became flooded, inundated with surface water, resulting in the City of Detroit's wastewater system becoming overwhelmed which, in combination with inoperative municipal wastewater lift pumps, resulted in storm water and wastewater intruding into the Museum Property.

11.    On July 26, 2021, PIIC sent a letter to MSC reserving its rights and requesting that MSC complete a sworn Proof of Loss.  In the letter, PIIC noted that while the its investigation remained ongoing, PIIC questioned whether coverage for the June Claim may be precluded based on the application of certain policy terms, conditions, exclusions, limitations, definitions, endorsements, schedules, declarations, and any other parts and language of the PIIC Policy, including those which are described in greater detail below.

12.    On August 18, 2021, MSC, through its agent, advised PIIC that it was continuing to evaluate the extent of damage caused by the June 2021

Flood Event, and further advised that it was in the process of a preparing a partial Proof of Loss.

13.    Acknowledging that the anticipated partial Proof of Loss would be inadequate, MSC further requested an extension to December 1, 2021 to present their completed Proof of Loss.  PIIC acknowledged the partial Proof of Loss, and agreed to MSC's request for an extension to December 1, 2021 to complete the Proof of Loss.

14.    On or about August 23, 2021, MSC submitted the partial Proof of Loss suggesting that MSC was continuing to investigate the extent of the damage caused by the June 2021 Flood Event.

15.    PIIC continues to investigate the June Claim under reservation and has not disclaimed coverage for that claim under the PIIC Policy.

### The July 2021 Flood Event

16.    The Detroit area sustained another heavy rainfall event in conjunction with severe storms on or about July 24, 2021, again resulting in widespread flooding (the "July 2021 Flood Event").

17.    MSC claims that it sustained additional alleged water damage at the Museum Property as a result of the July 2021 Flood Event, and submitted an additional claim for property damage resulting from the July 2021 Flood

Event (the "July Claim"). It is PIIC's understanding that significantly less damage occurred at the Museum Property as a result of the July 2021 Flood Event as compared to the June 2021 Flood Event.

18.   On August 1, 2021, PIIC sent a letter to MSC reserving its rights and requesting that MSC complete a sworn Proof of Loss. In the letter, PIIC noted that while the its investigation remained ongoing, PIIC questioned whether coverage for the July Claim may be precluded based on the application of certain policy terms, conditions, limitations, and exclusions, which are described in greater detail below.

19.   On or about August 18, 2021, MSC, through its agent, advised PIIC that it was preparing a partial Proof of Loss in connection with the July 2021 Claim, and acknowledging that the anticipated partial Proof of Loss would be inadequate, further requested an extension of time to present its completed proof of loss to January 5, 2022. PIIC acknowledged the partial proof of loss, and agreed to MSC's request for an extension to January 5, 2022 to complete the Proof of Loss.

20.   PIIC continues to investigate the July Claim and has not disclaimed coverage for the July Claim under the PIIC Policy.

21.     Despite the fact that: (1) PIIC continues to investigate the June Claim and July Claim under full and complete reservations of rights; (2) MSC has not yet presented PIIC with completed and satisfactory Proofs of Loss; and (3) PIIC has not disclaimed coverage for either claim, MSC has demanded, through counsel, that PIIC immediately confirm coverage and process payment for the June and July Claims.

22.     Accordingly, a justiciable controversy exists between the parties hereto.

23.     PIIC respectfully requests that this Court assist in resolving the issue of whether coverage exists for the June and/or July Claims by issuing a declaration setting forth the parties' rights and responsibilities, if any, under the PIIC Policy.

**Count I**
**Declaration Regarding Coverage Under the PIIC Policy**

24.     The CP coverage part of the PIIC Policy contains a Property Coverage Form bearing form number PI-ULT-007 11.98 (the "CP Form"). The CP Form contains an insuring agreement that contains, in part, the following language:

### A.    Coverage

We will pay for direct physical **"loss"** to Covered Property caused by or resulting from any of the Covered Causes of Loss.

25.    The CP Form defines "Covered Causes of Loss" as "See the Causes of Loss Form."

26.    The CP coverage part of the PIIC Policy contains a Causes of Loss Form bearing form number PI-ULT-008 11.09 (the "Causes of Loss Form"). The Causes of Loss Form contains, in part, the following language:

### A.    Covered Causes of Loss

**Covered Causes of Loss** means Risk of Direct Physical Loss unless the **"loss"** is:

**1.**    Excluded in Section **B., Exclusions**; or

**2.**    Limited in Section **C., Limitations**; that follow.

27.    The Causes of Loss Form contains a "Flood" exclusion that contains the following language:

### B.    Exclusions

**1.**    We will not pay for **"loss"** caused directly or indirectly by any of the following.  Such **"loss"** is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the **"loss"**.

*       *       *

### g.      Flood

### "Flood".

28.     The Causes of Loss Form defines "Flood" as follows:

**3.      "Flood"** means:

**a.**      Flood, surface water, waves, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not; or

**b.**      Mudslide or mudflow.

29.     The Causes of Loss Form defines "Loss" as follows:

**4.      "Loss"** means accidental loss or damage.

30.     As set forth above, investigation regarding the June and July Claims remains ongoing, and MSC has not yet provided a complete and satisfactory Proof of Loss for either claim.  However, a justiciable controversy presently exists regarding whether the Flood exclusion applies, and PIIC respectfully requests that this Honorable Court declare that the property damage claimed by MSC in connection with the June and July Claims falls within the scope of the Flood exclusion.

31.     The Causes of Loss Form contains a "Utility Services" exclusion that contains, in part, the following language:

**B.      Exclusions**

1.   We will not pay for **"loss"** caused directly or indirectly by any of the following. Such **"loss"** is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the **"loss"**.

\*      \*      \*

**e.      Utility Services**

The failure of power or other utility service supplied to the described premises, however caused, if the failure occurs away from the described premises.

But if **"loss"** by a Covered Cause of Loss results, we will pay for that resulting **"loss"**.

32.    As set forth above, investigation regarding the June and July Claims remains ongoing, and MSC has not yet provided a complete and satisfactory Proof of Loss for either claim. However, a justiciable controversy presently exists regarding whether the Utility Services exclusion applies, and PIIC respectfully requests that this Honorable Court declare that the property damage claimed by MSC in connection with the June and July Claims falls within the scope of the Utility Services exclusion.

33.    The Causes of Loss Form contains a "Wear and Tear" exclusion that contains, in part, the following language:

**B.** **Exclusions**

                   *      *      *

**2.** We will not pay for **"loss"** caused by or resulting from any of the following:

                   *      *      *

**d.** **(1)** Wear and tear;

      **(2)** Rust, deterioration, fungus, decay, deterioration, spoilage, contamination, hidden or latent defense or any quality in property that causes it to damage to destroy itself;

         *      *      *

      **(4)** Settling, cracking, shrinking or expansion;

         *      *      *

      **(6)** Mechanical breakdown, including rupture or bursting caused by centrifugal force.  However, this does not apply to any resulting "loss" caused by elevator collision;

      But if **"loss"** by the **"specified causes of loss"** or building glass breakage results, we will pay for that resulting **"loss"**.

34.    The Causes of Loss Form defines "Specified Causes of Loss," in part, as follows:

**11.** **"Specified Causes of Loss"** means the following: fire; lightning; explosion; windstorm or hail; smoke; aircraft or vehicles; riot or civil commotion; vandalism; leakage from fire extinguishing equipment; sinkhole collapse; volcanic action; falling objects; weight of snow, ice or sleet; water damage.

\*     \*     \*

**c.** Water damage means accidental discharge of water or steam as the direct result of the breaking or cracking of any part of a system or appliance containing water or steam.

35.    As set forth above, investigation regarding the June and July Claims remains ongoing, and MSC has not yet provided a complete and satisfactory Proof of Loss for either claim.  However, a justiciable controversy presently exists regarding whether the Wear and Tear exclusion applies, and PIIC respectfully requests that this Honorable Court declare that the property damage claimed by MSC in connection with the June and July Claims falls within the scope of the Wear and Tear exclusion.

36.    The Causes of Loss Form contains a "Weather Conditions" exclusion that contains the following language:

**B.** **Exclusions**

\*     \*     \*

**3.** We will not pay for **"loss"** caused by or resulting from any of the following.  But if "loss"

by a Covered Cause of Loss results, we will pay for that resulting "loss."

**a.** Weather conditions. But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph 1. above to produce the "loss".

37. As set forth above, investigation regarding the June and July Claims remains ongoing, and MSC has not yet provided a complete and satisfactory Proof of Loss for either claim. However, a justiciable controversy presently exists regarding whether the Weather Conditions exclusion applies, and PIIC respectfully requests that this Honorable Court declare that the property damage claimed by MSC in connection with the June and July Claims falls within the scope of the Weather Conditions exclusion.

38. The Causes of Loss Form contains an "Acts or Decisions" exclusion that contains the following language:

**B. Exclusions**

\* \* \*

**3.** We will not pay for **"loss"** caused by or resulting from any of the following. But if "loss" by a Covered Cause of Loss results, we will pay for that resulting "loss."

\* \* \*

13

   **b.** Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

39. As set forth above, investigation regarding the June and July Claims remains ongoing, and MSC has not yet provided a complete and satisfactory Proof of Loss for either claim.  However, a justiciable controversy presently exists regarding whether the Acts or Decisions exclusion applies, and PIIC respectfully requests that this Honorable Court declare that the property damage claimed by MSC in connection with the June and July Claims falls within the scope of the Acts or Decisions exclusion.

40. The Causes of Loss Form contains a "Faulty Workmanship" exclusion that contains the following language:

  **B.** **Exclusions**

    *  *  *

  **3.** We will not pay for **"loss"** caused by or resulting from any of the following.  But if "loss" by a Covered Cause of Loss results, we will pay for that resulting "loss."

    *  *  *

  **c.** Faulty, inadequate or defective:

    **(1)** Planning, zoning, development, surveying, siting;

14

**(2)**   Design, specifications, workmanship, repair, construction, remodeling, grading, compaction;

**(3)**   Materials used in repair, construction, renovation or remodeling; or

**(4)**   Maintenance;

Of part or all of any property on or off the described premises.

This exclusion does not apply to **"computer property"**.

41.   As set forth above, investigation regarding the June and July Claims remains ongoing, and MSC has not yet provided a complete and satisfactory Proof of Loss for either claim.  However, a justiciable controversy presently exists regarding whether the Faulty Workmanship exclusion applies, and PIIC respectfully requests that this Honorable Court declare that the property damage claimed by MSC in connection with the June and July Claims falls within the scope of the Faulty Workmanship exclusion.

42.   The CP coverage part of the PIIC Policy contains a Continuous or Repeated Water Damage Exclusion endorsement bearing form number PI-ULT-238 (01/19), which contains the following language:

This endorsement modifies insurance provided under the following:

### ULTIMATE COVER PROPERTY COVERAGE PART

We will not pay for **"loss"**, damage, or other claim caused in whole or in part, by or resulting from:

**a.**    Continuous or repeated exposure, seepage, leakage or inundation of water; or

**b.**    the presence or condensation of humidity, moisture or vapor;

that occurs or is present over a period of 30 days or more. Such **"loss"**, damage or other claim is excluded regardless of any other case or event that contributed concurrently or in any sequence to the **"loss"**, damage or other claim.

43.    As set forth above, investigation regarding the June and July Claims remains ongoing, and MSC has not yet provided a complete and satisfactory Proof of Loss for either claim.  However, a justiciable controversy presently exists regarding whether the Continuous or Repeated Water Damage Exclusion endorsement applies, and PIIC respectfully requests that this Honorable Court declare that the property damage claimed by MSC in connection with the June and July Claims falls within the scope of the Continuous or Repeated Water Damage Exclusion endorsement.

44.    The CP coverage part of the PIIC Policy also contains Business Income with Extra Expense ("BI") coverage, as set forth in the Business

Income With Extra Expense Coverage Form bearing form number PI-ULT-010 11.98 (the "BI Form").

45.     The BI Form, as modified by the Elite Property Enhancement: Museums and Cultural Institutions Plus endorsement, bearing from number PI-ULT-189 (07/17) (the "Elite Property Endorsement"), contains, in part, the following language:

> **A.   Coverage**
>
>> **1.**   Coverage is provided as described below for one or more of the following options for which a Limit of Insurance is shown in the Coverage Summary above:
>>
>>> **(i)**   Business   Income   including   "Rental Value."[1]
>>>
>>> \*        \*        \*
>>>
>>> If option **(i)** above is selected, the term Business Income will include "Rental Value." \* \* \*
>>>
>>> \*        \*        \*
>>>
>>> We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by a direct physical "loss" to property at the premises described in the Declarations, or within 1600 feet of the premises, caused by

---

[1] The Coverage Summary for the BI Form states that MSC selected option (i).

> or resulting from any of the Covered Causes of
> Loss.

46.    As set forth above, investigation regarding the June and July Claims remains ongoing, and MSC has not yet provided a complete and satisfactory Proof of Loss for either claim.  However, a justiciable controversy presently exists regarding whether any claimed lost business income was caused by or resulted from any Covered Cause of Loss.  Therefore, PIIC respectfully requests that this Honorable Court declare whether any claimed lost business income in connection of the June and July Claims was caused by or resulted from any Covered Cause of Loss.

47.    In addition to the foregoing exclusions, even if the June and July Claims involved property damage caused by a Covered Cause of Loss, which PIIC does not concede, coverage is limited to damage to Covered Property as that term is defined in the CP coverage part of the PIIC Policy.

48.    The CP Form, as modified by Elite Property Endorsement contains an insuring agreement that contains, in part, the following language:

> **A.    Coverage**
>
> We will pay for direct physical **"loss"** to Covered Property caused by or resulting from any of the Covered Causes of Loss.
>
> **1.    Covered Property**

Covered Property, as used in this Coverage Form, means the following types of property for which a Limit of Insurance is shown in the Declarations.

a.  **Your Business Personal Property**, and similar property of others in your care, custody or control:

    **(1)**  Located in or on the **"buildings"** described in the Declarations or within 1,600 feet of the described premises;

    **(2)**  In transit; and

    **(3)**  Property at locations not specifically identified, including in the care, custody or control of salespersons, property at exhibitions, and trade shows;

    Consisting of the following:

    **(a)**  Furniture and fixtures;

    **(b)**  Machinery and equipment;

    **(c)**  **"Stock"**;

    **(d)**  [DELETED]

    **(e)**  **"Computer Property"**;

    **(f)**  All other personal property owned by you and used in your business;

**(g)**   Labor, materials or services furnished or arranges by you on personal property of others;

**(h)**   Your use interest as tenant in improvements and betterments. Improvements and betterments are fixtures, alternations, installation or additions.

**(i)**   Made a part of the **"buildings"** you occupy but do not own; and

**(ii)**   Your acquired or made at your expense but cannot legally remove;

**(i)**   Building glass for which you have a contractual liability as a tenant, including encasements frames, alarm tape, lettering and ornamentation;

**(j)**   Communication towers, antennas or satellite dishes including their lead-in wiring, masts and guy wires; and

**(k)**   Signs.

**b.**   **"Buildings"** described in the Declaration including:

**(1)**   Building glass;

**(2)**   Completed additions;

**(3)** Permanent installed;

    **(a)** Fixtures;

    **(b)** Machinery; and

    **(c)** Equipment;

**(4)** Outdoor fixtures, including awnings;

**(5)** Fences;

**(6)** Personal property owned by you that is used to maintain or service the **"buildings"** or their premises, including:

    **(a)** Fire extinguishing equipment;

    **(b)** Outdoor furniture;

    **(c)** Floor coverings;

    **(d)** Appliances used for refrigerating, ventilating, dishwashing or laundering;

    **(e)** Alarm, communication and monitoring systems;

**(7)** If not covered by other insurance:

    **(a)** Alterations within, or on the exterior of, the existing **"buildings"**;

21

**(b)** Materials, equipment, supplies and temporary structures, on or within 1,000 feet of the described premises, used for making alterations to the existing **"buildings"**;

(8) Foundations of covered **"buildings"**, machinery and boilers and foundations of equipment and machinery, whether above or below ground;

(9) Underground pipes, flues and drains.

(10) Retaining walls that are not part of **"buildings"**;

(11) Bridges, roadways, walks, patios, and other paved surfaces, including in-ground pools.

**2.** **Property Not Covered**

Covered Property does not include:

**a.** Aircraft, watercraft, or railroad rolling stock;

**b.** Animal, birds or fish;

\*    \*    \*

**f.** "Money" or "securities";

**g.** The cost of excavations, grading, filling or backfilling, all except as provided under the Coverage Extensions;

**h.** Land (including land on which the property is located), water, growing crops, standing timber or lawns;

**i.** Property that is covered under another Coverage Form of this or any other policy in which it is more specifically described, except for the excess of the amount due (whether you can collect on it or not) from that other insurance;

**j.** Vehicles or self-propelled machines that:

 **(1)** Are licensed for use on public roads; or

 **(2)** Are operated principally away from the described premises.

This paragraph does not apply to:

 **(1)** Vehicles or self-propelled machines or autos you manufacture, process or warehouse; or

 **(2)** Vehicles or self-propelled machines, other than autoes, you hold for sale.

49. As set forth above, investigation regarding the June and July Claims remains ongoing, and MSC has not yet provided a complete and satisfactory Proof of Loss for either claim. However, even if the property

damage claimed by MSC in connection with the June and July 2021 Claims is determined to have been caused by a Covered Cause of Loss, which PIIC does not concede, a justiciable controversy presently exists regarding whether any such damage occurred to Covered Property. Therefore, PIIC respectfully requests that this Honorable Court declare whether any claimed property damage in connection of the June and July Claims occurred to Covered Property as that term is defined in the PIIC Policy.

50. PIIC also relies on any other additional terms, conditions, exclusions, limitations, definitions, endorsements, schedules, and declarations not specifically identified herein contained in the PIIC Policy that potentially limit or preclude insurance coverage for the June and July 2021 Claims, in whole or in part, to the extent such policy limitations are supported by PIIC's further investigation of the June and July 2021 Claims or through discovery in this action.[2]

51. An actual controversy exists between the parties hereto, making this case appropriate for disposition under 28 U.S.C. § 2201.

---

[2] Additionally, PIIC specifically reserves the right to amend this Complaint to assert any and all other policy terms, conditions, exclusions, limitations, definitions, endorsements, schedules, and declarations that may apply to the June and July 2021 Claims.

WHEREFORE, Plaintiff Philadelphia Indemnity Insurance Company respectfully requests that this Honorable Court enter declaratory judgment declaring, adjudging, and decreeing:

a. The extent to which insurance coverage exists, if at all, under the PIIC Policy for the June 2021 and July 2021 Claims asserted by MSC; and

b. That PIIC is entitled to such other and further relief as this Court deems appropriate.

Respectfully submitted,

 *s/Charles W. Browning*
Charles W. Browning (P32978)
Elaine M. Pohl (P60359)
Drew L. Block (P81768)
PLUNKETT COONEY, P.C.
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 901-4000
cbrowning@plunkettcooney.com
epohl@plunkettcooney.com
dblock@plunkettcooney.com

**Attorneys for Philadelphia Indemnity Insurance Company**

Dated: October 14, 2021

Open.23568.14766.27357775-1

25